[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPLICATION FOR TEMPORARY INJUNCTION
Breakwater Key Association, Inc. seeks a temporary in junction restraining the six individual defendants from interfering with the Association's management of a residential-condominium community until the litigants' rights have been finally determined in the Association's action for a declaratory judgment. The defendants contest the issuance of a temporary in junction on the ground the plaintiff association has not established a likelihood that the court will render a declaratory judgment in the Association's favor. The defendants do not contest the other traditional requirements for injunctive relief. For the reasons stated below, the court finds there is a likelihood the plaintiff will ultimately prevail and therefore grants the plaintiffs' application for a temporary injunction.
The crux of this dispute is whether the declarant, Breakwater Key Incorporated, has lost the right to control the plaintiff, Breakwater Key Association, Inc. The defendants claim the declarant lost this right by operation of General Statutes 47-247 (d)(3). Section 3 provides that a declarant's control must end no later than two years after the declarant exercises any right to add new units.
In Article VIII, Part A, of the declaration under which Breakwater Key was created, the declarant reserved the right to add additional units for a period of seven years. The defendants contend that the declarant exercised its right to add new units on June 22, 1988, when it filed the original declaration on the Stratford Land Records. The plaintiff, on the other hand, claims the declarant has never exercised this right.
The method by which a declarant is to exercise development rights is set forth in General Statutes 47-229 which provides, in part, as follows: "[t]o exercise any development right reserved . . . , the declarant shall prepare, execute and record an amendment to the declaration and in a condominium or planned CT Page 7301 community comply with section 47-228." The declarant has not filed an amendment to the declaration exercising its development rights. Because the declarant was not filed such an amendment, it has never exercised its development rights. Accordingly, the plaintiff has established a likelihood that it will ultimately prevail. Of course, events could occur while this case is pending which would cause other statutory limitations to become effective. Such issues are not before the court at this time.
Order: The defendants are enjoined from acting on behalf of Breakwater Key Association, Inc. pursuant to any election which has not included the votes of the declarant.
THIM, JUDGE